UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL BRISBIN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

Case No. 3:16-cv-05492-RJB

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Michael Brisbin seeks review of the denial of his application for disability insurance benefits. Plaintiff contends that the administrative law judge ("ALJ") erred in evaluating the medical evidence, plaintiff's residual functional capacity ("RFC"), and plaintiff's ability to perform jobs available in the national economy. Dkt. 11 at 2. As discussed below, the Court **AFFIRMS** Defendant Commissioner Carolyn W. Colvin's ("the Commissioner") final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

On April 3, 2013, plaintiff protectively filed an application for disability insurance benefits, alleging disability as of August 18, 2006. Dkt. 6, Administrative Record ("AR") 17. Plaintiff's application was denied initially and on reconsideration. *Id*. After the ALJ conducted a hearing on October 2, 2014, the ALJ issued a decision finding plaintiff not disabled. AR 17-32.

ORDER - 1

# THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff did not engage in substantial gainful activity between August 18, 2006, the alleged onset date, and December 30, 2011, the date last insured.

**Step two:** Through the date last insured, plaintiff had the following severe impairments: low back pain due to lumbar degenerative disc disease, status post L4-L5 hemilaminectomy and microdiscectomy; small leg length discrepancy, with the right leg length less than the left leg length; and peripheral neuropathy.

**Step three:** Through the date last insured, plaintiff's impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Through the date last insured, plaintiff had the ability to perform light work. He could lift and/or carry 20 pounds occasionally and ten pounds frequently in an eight-hour workday. He could stand and/or walk for six hours and sit for six hours in an eight-hour workday. He needed to avoid concentrated exposure to vibration and hazards.

**Step four:** Through the date last insured, plaintiff was unable to perform any past relevant work.

**Step five:** Through the date last insured, as there were jobs that existed in significant numbers in the national economy that plaintiff could perform, plaintiff was not disabled.

*See* AR 19-32. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *See* AR 1-6.[3]

# DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER - 2

### I. Medical Evidence

Plaintiff asserts that the ALJ erred in assessing the medical evidence in the record. *See* Dkt. 11 at 6-11. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). When a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *Id.* at 830. An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Id.* at 830-31.

//

     **a.**    **Dr. Schliiter**

Plaintiff argues that the ALJ erred by mischaracterizing the opinion of Jena Schliiter, M.D., and failing to fully incorporate her opinion into the RFC. *See* Dkt. 11 at 10. Plaintiff argues that Dr. Schliiter opined that plaintiff could perform "sedentary to light work" and that plaintiff's RFC should therefore account for the ability to perform work above the sedentary level but below the light level. *See id*. However, Dr. Schliiter actually opined that plaintiff could perform work at the sedentary or light level. *See* AR 607, 673. An RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a). Therefore, the ALJ did not err by incorporating Dr. Schliiter's opinion that plaintiff could perform light work into the RFC.

     **b.**    **Dr. Maxwell**

Plaintiff argues that the ALJ erred by mischaracterizing the opinion of John Maxwell, M.D. *See* Dkt. 11 at 10. Plaintiff argues that Dr. Maxwell did not opine that plaintiff could perform light work. *See id*. Dr. Maxwell stated that plaintiff could perform work at a lighter level than his previous glass installation work, which falls into the medium exertional level. *See* AR 31, 701. Dr. Maxwell then approved plaintiff for work at two jobs at the light exertional level. *See* AR 703-04. The ALJ reasonably inferred that Dr. Maxwell thought plaintiff could perform light work. *See* AR 29. Even while plaintiff argues that Dr. Maxwell did not explicitly state that plaintiff could perform light work, plaintiff does not identify any evidence that Dr. Maxwell believed that plaintiff could only work below the light level. *See* Dkt. 11 at 10. Therefore, plaintiff fails to establish any harmful error in the ALJ's evaluation of Dr. Maxwell's opinion. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (plaintiff has the burden of establishing that an error resulted in actual harm); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless where it is "inconsequential to the ultimate nondisability

determination").

### c.     Ms. Garner

Plaintiff argues that the ALJ improperly gave significant weight to the opinion of physical therapist Julie Garner, DPT. *See* Dkt. 11 at 10-11. Plaintiff argues that he could not perform medium work, which Ms. Garner opined that he could perform. *See id.*; AR 632. However, the ALJ agreed that plaintiff was even more limited than Ms. Garner believed him to be and assessed plaintiff with an RFC limiting him to light work. *See* AR 30. Again, plaintiff fails to establish any harmful error.

### d.     Dr. Hoskins

Plaintiff argues that the ALJ improperly gave significant weight to the opinion of state agency consultant Robert Hoskins, M.D. *See* Dkt. 11 at 11. However, plaintiff's only argument is seemingly that Dr. Hoskins never examined him. *See id*. A state agency medical consultant may be treated as a "highly qualified" source with expertise in evaluating "medical issues in disability claims." Social Security Ruling ("SSR") 96-6p, 1996 WL 374180 *2. Therefore, the ALJ did not err by giving Dr. Hoskins' opinion significant weight.

### e.     Other Medical Evidence

Plaintiff lists several other medical findings, arguing broadly that these findings show that the ALJ erred by assessing plaintiff with an RFC that found him capable of standing, walking, or sitting for six hours in an eight-hour workday. *See* Dkt. 11 at 6-8. However, plaintiff fails to address any of the reasons that either the relevant physicians or the ALJ gave for discounting these findings. *See id*. Therefore, the Court will not address this undeveloped argument. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed).

## II. The RFC Assessment and Step-Five Finding

Plaintiff argues that the RFC and step-five finding are not supported by substantial evidence due to the errors alleged above. *See* Dkt. 11 at 8, 11-12. However, because the Court finds that the ALJ did not err in evaluating the medical evidence, the RFC and step-five finding are supported by substantial evidence and not in error. *See supra* § I.

## CONCLUSION

For the foregoing reasons, the court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this case with prejudice.

DATED this 15th day of December, 2016.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER - 6